IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

PAUL TOVAR                                                              PETITIONER

v.                          NO. 2:23-cv-00149-KGB-PSH

CHAD GARRETT, Warden,                                                   RESPONDENT
FCI Forrest City

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, petitioner Paul Tovar ("Tovar") challenges a disciplinary he received for violating Federal Bureau of Prison ("BOP") Code 115. Tovar challenges the disciplinary on due process grounds, specifically maintaining that the disciplinary is not supported by sufficient evidence, video footage of the incident was not produced, and the Disciplinary Hearing Officer ("DHO") was biased. It is recommended that this case be dismissed. Tovar has failed to show that his due process rights were violated.

In June of 2022, BOP Officer C. Alsup ("Alsup") prepared an Incident Report in which he alleged the following:

> On 6-3-2022 at approximately 12:30 pm I, Officer C. Alsup, [w]itnessed Inmate Tovar, Paul #50221-177 sitting in a vehicle. As I approached the parking lot ... Tovar left. ... Tovar returned to the parking lot 3 times and left when he saw I was still there. I stopped ... Tovar and told him to exit the vehicle and submit to a pat search. ... Tovar drove off at a high rate of speed. I witnessed ... Tovar exit the vehicle and throw something into the grass and drive off again. I intercepted ... Tovar and placed him in restraints and took him to the Special Housing Unit at the Low facility. I searched the area ... Tovar disposed of the item with negative results.

See Docket Entry 1 at CM/ECF 12.[1]

---

[1] At the time of the incident, Tovar had an institutional job that permitted him the use of a vehicle.

Tovar was charged with violating BOP Code 115, Destroying and/or Disposing of Any Item During Search or Attempt to Search. He gave a statement in response to the charge, and his statement was recorded to be as follows:

> He stated that he believed the officer waved him on. So, he drove on. He then stopped and got out of the van to stretch his back, due to having back issues. ... Tovar then stated he did not throw anything. He also stated to check his medical records for his back issues, and check the cameras to see if he threw anything.

See Docket Entry 3-1 at CM/ECF 8. The Unit Disciplinary Committee found that Tovar committed the violation as charged, recommended sanctions, and referred the matter to a DHO "for further review and greater sanctions." See Docket Entry 3-1 at CM/ECF 8.

A DHO subsequently conducted a disciplinary hearing. During the hearing, the following evidence was presented: "a written statement by ... Alsup, a statement by a staff witness chosen by ... Tovar, and the testimony of ... Tovar." See Docket Entry 3-1 at CM/ECF 2. The DHO found that Tovar violated BOP Code 115, and the DHO imposed sanctions that included the loss of good conduct time. Tovar appealed the DHO's decision, but Tovar's efforts to overturn the decision were unsuccessful.

Tovar thereafter began the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he first maintained that his due process rights were violated because the disciplinary is not supported by sufficient evidence. He buttresses the claim by alleging, in part, the following:

> In this case, the facts show that the reporting officer was mistaken in his belief that something was thrown by Petitioner. ...
>
> The Officer's statement is contrary to the physical facts. It is logical and serves to reason that if he saw Petitioner throw something in a particular location and he is sure of that specific location, and you take other officers with you to canvass the area and you don't find anything, it means that you were wrong in saying that Petitioner threw something. Thus, in Petitioner's view, there was insufficient evidence to support the finding of guilt.
>
> ...
>
> ... If the DHO is allowed to find guilt in this instance without any evidence just because the "officer said it," would mean that all an officer has to do is say Petitioner had a gun, even without finding a gun, and Petitioner would be guilty. ...
>
> Petitioner reasonably believes that because the evidence in this case was in his favor, that the relief he requests is proper. As the DHO is aware and fully knows that Petitioner denied the allegations and the evidence is conflicting in this case. The DHO was supposed to find in favor of the greater weight of the evidence is in Petitioner's favor, and should have so found. [Sic]

See Docket Entry 1 at CM/ECF 7. Second, Tovar maintained that the DHO was biased. Tovar so maintained because the DHO allegedly told Tovar that the DHO would "never take an inmate's word [over a] staff's word." See Docket Entry 1 at CM/ECF 8.

Respondent Chad Garrett ("Garrett") filed a response to Tovar's petition and asked that the petition be dismissed. It was Garrett's contentions that the disciplinary is supported by some evidence, and Tovar has failed to demonstrate that the DHO was biased.

Tovar thereafter filed a reply. In the reply, he maintained, in part, that the greater weight of the evidence is in his favor and warrants overturning the disciplinary. He also appeared to raise an additional claim, that being, prison officials failed to produce video footage of the incident, footage that would have exonerated him.

In Voliton v. Outlaw, No. 2:13-cv-00114-KGB-JTR, 2015 WL 2418437 (E.D. Ark. May 20, 2015), Voliton was charged with rule violations that included possession of anything not authorized. A DHO convicted Voliton of the violations. Voliton challenged the disciplinary, in part, on the grounds that the charging officer's description of the events was impossible, and no unauthorized items were confiscated. United States District Judge Kristine G. Baker dismissed the case and, in doing so, noted the following:

5

> In <u>Wolff v. McDonnell</u>, 418 U.S. 539, 555-58 (1974), the Court held that a disciplinary conviction which results in a prisoner losing good time credits implicates a liberty interest protected by the Due Process Clause. However, the decision of a DHO, who rules against a prisoner challenging a disciplinary, is only required to be supported by "some evidence in the record." <u>Superintendent v. Hill</u>, 472 U.S. 445, 454 (1985). Where the record contains some evidence to support the decision of the DHO, the decision cannot be characterized as arbitrary. <u>Id</u>. at 457. ...
>
> Under <u>Hill</u>, federal courts are required to defer to the judgment of prison officials as long "as some evidence in the record" supports the disciplinary conviction and the due process requirements of <u>Wolff</u> are satisfied. This limited review does not require a court to examine the entire record, make an independent assessment of the credibility of witnesses, or weigh evidence. Prison officials can permissibly rely on violation reports and hearsay to find inmates guilty of disciplinary infractions. <u>See</u> <u>Hartsfield v. Nichols</u>, 511 F.3d 826, 831 (8th Cir.2008). Finally, the Eighth Circuit has held that, as long as the disciplinary proceeding is conducted by an impartial decision maker, a report from a correctional officer constitutes "some evidence" upon which to base a disciplinary decision. <u>See</u> <u>Hartsfield</u>, 511 F.3d at 831. The "some evidence" standard is satisfied even if the inmate disputes the facts in the report and the only support for the DHO's decision is the report itself. <u>Id</u>.

<u>See</u> <u>Voliton v. Outlaw</u>, 2015 WL 2418437, 3.

The undersigned has reviewed the parties' pleadings and exhibits. On the basis of that review, and applying the facts of this case to the relevant legal authority, the undersigned finds that Tovar's petition warrants no relief. The undersigned so finds for the reasons that follow.

First, a report from a prison official constitutes some evidence upon which to base a disciplinary decision. See Voliton v. Outlaw, supra. The standard is satisfied even if the inmate disputes the facts in the report, and the only support for the DHO's decision is the report itself. See Id.

Here, Tovar acknowledges that the evidence of his guilt is conflicting, but he nevertheless maintains that the greater weight of the evidence is in his favor. The evidence of his guilt is indeed conflicting. The undersigned declines the invitation, though, to re-weigh the evidence and determine whether the greater weight of the evidence is in his favor because that is not the role of the court. It is instead to determine whether there is some evidence to support the disciplinary. The undersigned finds that there is indeed some evidence to support the disciplinary. Specifically, the DHO could and did rely upon Alsup's Incident Report in convicting Tovar, and the Report alone is sufficient to support the disciplinary.

Second, an inmate has a right to call witnesses and present evidence in a disciplinary hearing. See Lewis v. Hendrix, No. 2:19-cv-00168-DPM-BD, 2020 WL 4279942 (E.D. Ark. June 30, 2020), report and recommendation adopted, No. 2:19-cv-00168-DPM, 2020 WL 4280004 (E.D. Ark. July 24, 2020). The undersigned assumes, without deciding, that the right includes the opportunity to offer video footage of the incident.

Here, the undersigned is not persuaded that Tovar made a clear, unequivocal request for the production of the video footage. He simply asked that the cameras be checked to see if he "threw anything." The undersigned is not prepared to find that prison officials should have produced the video footage on the basis of this passing reference to the "cameras," and a more definite request was required.

Last, a DHO is entitled to a presumption of honesty and integrity, and the constitutional standard for impermissible bias is high. See Piggie v. Cotton, 342 F.3d 660 (8th Cir. 2003). For an inmate to prevail on a claim of bias, he must show that the DHO's conduct gave him an interest adverse to the inmate's so direct, personal, and substantial as to give rise to a due process violation. See Martinez v. Outlaw, No. 2:08-cv-00139-JTR, 2009 WL 3585480 (E.D. Ark. Oct. 27, 2009) (internal quotation marks omitted).

Here, the DHO signed a declaration in which he denied stating that he would "never take an inmate's word over a staff's word." See Docket Entry 3-1 at CM/ECF 2. Tovar, in reply, signed an affidavit in which he represented that the DHO made such a comment. See Docket Entry 7 at CM/ECF 11. Tovar's assertion, even if true, is not sufficient to show that the DHO had an interest adverse to Tovar's interest so direct, personal, and substantial as to give rise to a due process violation. There is no

8

evidence the DHO had a personal interest in the circumstances giving rise to the charge against Tovar or in how the charge was ultimately resolved.[2] In any event, there is merit to Garrett's assertion that "[c]onsidering the DHO's denial, Tovar's lack of evidence to support his claim, and the high bar for demonstrating bias, Tovar has failed to demonstrate that his due process rights were violated by bias on the part of the DHO." See Docket Entry 3 at CM/ECF 6.

For the foregoing reasons, it is recommended that Tovar's petition be denied and this case be dismissed. Judgment should be entered for Garrett.

DATED this 25th day of October, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] In Martinez v. Outlaw, supra, United States Magistrate Judge J. Thomas Ray found that there was no evidence the DHO had ex parte contact with BOP staff, that the DHO had a personal interest in the circumstances giving rise to the charges against Martinez, or in how the charges were ultimately resolved.